UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

STACI D. T.,[1]                                )
                                               )
                Plaintiff,                     )
                                               )
        v.                                     )        No. 4:24-cv-00180-KMB-TWP
                                               )
FRANK BISIGNANO,                               )
                                               )
                Defendant.                     )

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Staci T. applied for disability benefits and supplemental security income from the

Social Security Administration ("SSA") on January 29, 2022, alleging an onset date of March 1,

1995.   [Dkt. 11-3 at 2; 11-5 at 2.]  Administrative Law Judge Christopher Mattia (the "ALJ")

issued a decision on March 21, 2024, concluding that Staci was not disabled and therefore not

entitled to receive the requested benefits.   [Dkt. 11-2 at 27.]   The Appeals Council denied her

request for review on November 4, 2024.  [*Id.* at 2-8.]   On December 31, 2024, Staci timely filed

this civil action asking the Court to review the denial of benefits according to 42 U.S.C. § 405(g)

and 28 U.S.C. § 1361.  [Dkt. 1.]

**I.  STANDARD OF REVIEW**

"The Social Security Administration (SSA) provides benefits to individuals who cannot

obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151

(2019).   Disability is the inability "to engage in any substantial gainful activity by reason of any

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinion.

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Stephens*, 888 F.3d at 327. "[S]ubstantial evidence" is "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). "[E]ven under deferential standard of review for social security disability cases, an [ALJ] must provide a logical bridge between the evidence and [the] conclusions." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (internal quotations omitted).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations

2

omitted).   "If a claimant satisfies steps one, two, and three, she will automatically be found disabled.   If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe."   *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling."   *Id*.   The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work.   *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits.   *Stephens*, 888 F.3d at 327.   When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy.   *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021).   Typically, a remand is also appropriate when the decision is not supported by substantial evidence.   *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

## II. BACKGROUND[2]

Staci was 49 years old when she applied for disability benefits.   [Dkt. 11-3 at 3.] She previously worked as a special needs aid.   [*Id.* at 9.]

The ALJ followed the five-step evaluation set forth by SSA in 20 C.F.R. §

---

[2] The relevant evidence of record is set forth in the Parties' briefs and need not be repeated here. Specific facts relevant to the disposition of this case are discussed below as necessary.

404.1520(a)(4) and concluded that Staci was not disabled.  Specifically, the ALJ found as follows:

- At Step One, Staci has not engaged in substantial gainful activity since January 29, 2022, the alleged onset date. [Dkt. 11-2 at 19.]

- At Step Two, Staci has the following severe impairments: cerebral palsy, degenerative disc disease of the lumbar spine, scoliosis, bilateral knee osteoarthritis, left ankle osteoarthritis, obesity, major depressive disorder, and anxiety disorder. [*Id.*]

- At Step Three, Staci does not have an impairment of combination of impairments that meets or medically equals the severity of one of the listed impairments. [*Id.* at 20.]

- After Step Three but before Step Four, Staci has the RFC "to perform light work as defined in 20 CFR 416.967(b) except the claimant could lift or carry 10 pounds frequently and 20 pounds occasionally; stand or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; push or pull within the aforementioned weight restrictions; occasionally climb, balance, stoop, kneel, crouch, or crawl; frequently handle or finger; perform work that does not require more than frequent talking; and understand and carry out simple instructions. " [*Id.* at 22.]

- At Step Four, Staci has no past relevant work. [*Id.* at 26.]

- At Step Five, relying on testimony from the vocational expert ("VE"), and considering Staci's age, education, and RFC, there were jobs that existed in the national economy that Staci could have performed through the date of the decision, including cashier, housekeeping cleaner, or mail clerk. [*Id.* at 26-27.]

### III.  DISCUSSION

Staci raises two overarching issues for the Court's review: (1) whether the ALJ's RFC determination is supported by substantial evidence, rendering the vocational hypothetical flawed if not, and (2) whether the ALJ's evaluation of Staci's subjective symptoms violates SSR 16-3p. [Dkt. 13 at 4.]   The Court will address each issue in turn.

#### A.  Residual Functional Capacity Determination

##### 1.  Physical RFC

Staci argues that the ALJ's physical RFC analysis is not supported by substantial evidence because the ALJ failed to explain how she could perform the standing and walking requirements

4

of light work despite evidence of abnormal gait and related impairments. [Dkt. 13 at 11.] She contends that, although the ALJ acknowledged isolated findings such as mildly spastic gait and difficulty heel-to-toe walking, the ALJ ignored numerous other records documenting unsteady, antalgic, and impaired gait, as well as her diagnosis of cerebral palsy and knee and back conditions. [*Id.*] Staci further argues that the ALJ failed to support the finding that she could stand or walk for six hours in a workday or perform even occasional climbing, given her back and knee impairments as well as her impaired bilateral hand coordination. [*Id.*] Staci argues that the ALJ's failure to address contrary evidence and build a logical bridge between the record evidence and the RFC warrants remand, particularly because a limitation to sedentary work would direct a finding of disability under the Medical-Vocational Guidelines because of her age category. [*Id.* at 12.]

The Commissioner responds that the ALJ's physical RFC determination is supported by substantial evidence and adequately explained. [Dkt. 15 at 5.] According to the Commissioner, the ALJ considered Staci's subjective complaints, her friend's report, treatment notes, and examination findings and relied on evidence of generally normal gait, intact strength and coordination, stable conditions, and conservative treatment to conclude that a reduced range of light work was appropriate. [*Id.* at 6.] The Commissioner contends that the ALJ permissibly discounted Dr. Anderson's more restrictive consultative examination limitations as inconsistent with the medical evidence, including Staci's presentation on examination and prior administrative medical findings that her physical impairments were non-severe. [*Id.*] The Commissioner also argues that the ALJ accounted for Staci's impairments in the RFC. [*Id.* at 6-7.] Finally, the Commissioner argues that Staci's position amounts to an improper request to reweigh the evidence and that she has not shown that the record supports greater restrictions.

5

In reply, Staci reiterates her position that the ALJ's physical RFC lacks substantial evidentiary support and fails to address contrary evidence. [Dkt. 17 at 1.] She argues that characterizing her condition as "stable" does not demonstrate an ability to perform light work, that the RFC is internally inconsistent with findings of difficulty ambulating, and that the evidence does not support the assessed postural limitations. [*Id.* at 2.] She further contends that her argument identifies a failure of explanation rather than an improper request to reweigh the evidence. [*Id.* at 3.]

After reviewing the record, the Court agrees with the Commissioner that the ALJ's physical RFC determination in Staci's case is supported by substantial evidence. An ALJ must build a logical bridge between the evidence and the RFC, but the standard is one of minimal articulation. *Jeske v. Saul*, 955 F.3d 583, 588 (7th Cir. 2020) (explaining that an ALJ must only provide "more than a perfunctory analysis"); *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992). The Court reviews the record as a whole but does not reconsider facts, reweigh evidence, resolve conflicts in the evidence, or decide issues of credibility. *Fitschen v. Kijakazi*, 86 F.4th 797, 802 (7th Cir. 2023).

Here, the ALJ sufficiently explained his conclusion that Staci could perform a reduced range of light work. The ALJ considered Staci's allegations of difficulty walking and standing, as well as third-party reports describing her limitations. [Dkt. 11-2 at 23.] The ALJ also discussed objective medical evidence, including imaging showing mild lumbar spondylosis and degenerative changes in the knees and findings related to her cerebral palsy, such as spasticity, decreased strength, impaired hand coordination, and a mildly spastic gait. [*Id.*]

The ALJ then contrasted those findings with other evidence reflecting largely intact functioning, including repeated findings of normal or steady gait, intact sensation and

coordination, full strength, and full range of motion. [*Id.* at 23-24.] The ALJ also noted that Staci's conditions were generally stable and treated conservatively. [*Id.* at 24.]

The ALJ also sufficiently addressed the opinion evidence. He found unpersuasive Dr. Anderson's limitation that Staci could walk only four to five hours in a workday, explaining that it was inconsistent with examination findings, including Dr. Anderson's finding that Staci walked with a normal gait without an assistive device and was able to walk on heels and toes, hop, and squat. [*Id.*] The ALJ instead accounted for Staci's impairments by limiting her to light work with additional postural and manipulative restrictions. [*Id.* at 22.]

Staci argues that the ALJ failed to explain how she could meet the standing and walking requirements of light work and ignored evidence of abnormal gait. [Dkt. 13 at 11.] But again, the ALJ expressly acknowledged abnormal gait findings and reasonably weighed them against other evidence in the record, such as Staci's presentation at her exam with Dr. Anderson where Staci walked with normal gait without the use of an assistive device and was able to walk on heels or toes, hop, and squat. [Dkt. 11-2 at 24.]

Staci similarly argues that the ALJ failed to explain how she would be capable of even occasional climbing given her back and knee impairments as well as her impaired bilateral hand coordination. [Dkt. 13 at 11.] But Staci fails to point to any doctor's opinion or anything else in the record that indicates Staci would be unable to occasionally climb. *Dudley v. Berryhill*, 773 F. App'x 838, 843 (7th Cir. 2019) ("When no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error."). Relevant to her ability to occasionally climb, Dr. Anderson's evaluation explicitly found Staci's "range of motion examination [to be] without limitation at cervical and lumbar spines as well as upper and lower extremities throughout." [Dkt. 11-7 at 309.] Ultimately, even though Staci points to additional evidence that she contends supports greater

limitations, the ALJ was not required to discuss every piece of evidence or adopt Staci's interpretation of the record. *Gedatus v. Saul*, 994 F.3d 893, 901 (7th Cir. 2021).

Staci also challenges the ALJ's reliance on findings that her condition was "stable." [Dkt. 11-2 at 20.] But the ALJ did not rely on stability alone. Instead, his opinion confirms that he considered stability alongside objective findings and examination results in evaluating the severity of her limitations and determined that the objective medical evidence failed to provide strong support for Staci's alleged limitations. [*Id.* at 23.] Because the ALJ reasonably evaluated the record and supported his physical RFC conclusions with substantial evidence, remand is not warranted.

### 2. Mental Limitations

Staci argues that the ALJ's mental RFC is not supported by substantial evidence because it fails to account for her moderate limitations in concentration, persistence, or pace. [Dkt. 13 at 13.] Although the ALJ found moderate limitations in this area, the RFC limits Staci only to understanding and carrying out simple instructions, which Staci contends does not address her ability to sustain attention or maintain pace over the course of a workday. [*Id.*] Staci relies on precedent rejecting the notion that a limitation to simple or unskilled work adequately captures deficiencies in concentration, persistence, or pace. [*Id.* at 14 (citing *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015) (quoting *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014)); *see also Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019)).] She further argues that, because these limitations were not properly incorporated into the RFC or the hypothetical posed to the vocational expert, the ALJ's ultimate decision cannot stand. [*Id.*]

The Commissioner argues that the ALJ's mental RFC is supported by substantial evidence and adequately accounts for Staci's limitations. [Dkt. 15 at 8.] The Commissioner contends that

8

the ALJ properly applied the regulatory framework, found moderate limitations in concentration, persistence, or pace, and then reasonably translated those limitations into a restriction to simple instructions based on the record. [*Id.* at 9.] According to the Commissioner, the ALJ relied on mental status findings showing largely normal attention, concentration, mood, and cognition, as well as evidence that Staci's symptoms were stable, treated conservatively, and improved with medication. [*Id.*] The Commissioner also argues that the ALJ reasonably weighed the opinion evidence, including partially crediting the state agency psychological consultants and discounting other opinions, and sufficiently explained the resulting limitations. [*Id.*]

The Commissioner further maintains that the ALJ was not required to expressly reference concentration, persistence, or pace in the RFC so long as those limitations were adequately accommodated. [*Id.* at 10.] Citing more recent precedent from the Seventh Circuit Court of Appeals, the Commissioner argues that there is no categorical rule requiring additional limitations beyond simple work for moderate difficulties in concentration, persistence, or pace. [*Id.* (citing *Lothridge v. Saul*, 984 F.3d 1227, 1234 (7th Cir. 2021); *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021)).] Finally, the Commissioner contends that Staci failed to identify any additional, evidence-based limitations that the ALJ should have included and that her argument improperly seeks to reweigh the evidence. [*Id.* at 11-12.]

In reply, Staci does not substantively develop her mental RFC argument but reiterates her position that the ALJ failed to build a logical bridge and selectively relied on favorable evidence. [Dkt. 17 at 2.] She argues that the Commissioner's reliance on minimal articulation does not cure these deficiencies and that remand is required. [*Id.* at 3]

The Court disagrees with Staci's argument that the ALJ's mental RFC does not account for her limitations in concentration, persistence, or pace. Although the ALJ found that Staci had

9

moderate limitations in concentration, persistence, or pace, the ALJ was not required to include identical terminology in the RFC as long as the RFC adequately accounted for those limitations. *See Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). Here, the ALJ considered Staci's subjective reports of anxiety and related symptoms but contrasted those reports with largely normal mental status findings, including intact attention and concentration, appropriate mood and affect, and normal judgment and cognition. [Dkt. 11-2 at 23-25.] The ALJ also noted that Staci's mental health symptoms were generally stable, improved with medication, treated conservatively, and that she had not required specialized mental health treatment or hospitalization. [*Id.*]

The ALJ further evaluated the opinion evidence, crediting the state agency psychological consultants who found that Staci could sustain attention for simple tasks, while discounting more restrictive opinions that were inconsistent with the overall record. [*Id.* at 25.] Based on this evidence, the ALJ reasonably concluded that Staci's mental impairments limited her to understanding and carrying out simple instructions.

Contrary to Staci's argument, this is not a case where the ALJ failed to account for moderate limitations in concentration, persistence, or pace. Rather, the ALJ translated those limitations into a work-related restriction supported by the record. Importantly, Staci does not identify any specific, evidence-based limitations that the ALJ should have included in the RFC but did not. *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) ("Because [claimant] did not testify about restrictions in his capabilities related to concentration, persistence, or pace deficits, and the medical record does not support any, there are no evidence-based restrictions that the ALJ could include in a revised RFC finding on remand."). To the extent Staci points to evidence that could support greater limitations, the Court may not reweigh that evidence or substitute its judgment for that of the ALJ. *Fitschen v. Kijakazi*, 86 F.4th 797, 802 (7th Cir. 2023) Because the ALJ's mental RFC

determination is supported by substantial evidence and adequately explained, remand is not warranted on this basis.

### B.    Evaluation of Subjective Symptoms under SSR 16-3p

Staci argues that the ALJ's evaluation of her subjective symptoms violates SSR 16-3p and is "patently wrong." [Dkt. 13 at 19.] She contends that, although the ALJ stated that he considered the required factors, he improperly discounted her allegations based on her reported daily activities, the asserted lack of corroborating objective evidence, and her limited treatment history without adequately addressing explanations for that treatment history. [*Id.* at 18-19.] Staci argues that the ALJ improperly drew a negative inference from her failure to pursue more significant treatment without asking why, even though the record suggests financial constraints. [*Id.* at 19.] She further contends that an ALJ may not reject symptom allegations merely because they are not fully supported by objective evidence and that the ALJ failed to sufficiently explain why her statements were inconsistent with the record. [*Id.*] According to Staci, the ALJ's symptom analysis is patently wrong because it lacks the reasoned explanation and logical bridge required by SSR 16-3p and Seventh Circuit precedent. [*Id.* at 20.]

The Commissioner argues that the ALJ's subjective symptom evaluation is entitled to deference and is not "patently wrong," as required for reversal. [Dkt. 15 at 12.] The Commissioner asserts the ALJ properly followed SSR 16-3p by considering the full record, including objective medical evidence, treatment history, medication effectiveness, and Staci's activities of daily living, reasonably finding that her allegations were not entirely consistent with that evidence. [*Id.* at 13.] The Commissioner contends that the ALJ permissibly relied on evidence showing largely normal examination findings, stable conditions, conservative treatment, and improvement with medication, as well as Staci's reported ability to perform a range of daily activities. [*Id.*]

11

The Commissioner further argues that the ALJ did not improperly draw a negative inference from Staci's limited treatment because the record itself explained her treatment course, and, in any event, any failure to further explore her reasons for not pursuing treatment does not undermine the overall analysis. [*Id.* at 14.] Finally, the Commissioner maintains that the ALJ appropriately considered the lack of objective support as one factor among many and that Staci's argument amounts to an improper request to reweigh the evidence. [*Id.* at 15-16.] Accordingly, the Commissioner contends that the ALJ's symptom evaluation was adequately explained and supported by substantial evidence. [*Id.* at 16.]

In reply, Staci argues that the Commissioner overstates the sufficiency of the ALJ's symptom analysis and fails to identify valid reasons supporting the ALJ's conclusion. [Dkt. 17 at 4.] She contends that, although the Commissioner asserts the ALJ relied on multiple SSR 16-3p factors, the ALJ's decision does not meaningfully analyze those factors and instead rests on flawed reasoning, including improper reliance on daily activities and treatment history. [*Id.*] Staci argues that these errors are not harmless because the ALJ did not provide valid reasons to support discounting her symptom statements, and it is unclear whether the ALJ would have reached the same conclusion without those alleged errors. [*Id.* at 4-5.]

An ALJ's evaluation of a claimant's subjective symptoms is entitled to special deference and will be overturned only if it is "patently wrong." *Summers v. Colvin*, 864 F.3d 523, 528 (7th Cir. 2017). Under SSR 16-3p, the ALJ must consider the entire record and provide a sufficiently reasoned explanation to allow for meaningful review but need not discuss every piece of evidence. *Deborah M. v. Saul*, 994 F.3d 785, 791 (7th Cir. 2021). The ALJ will consider factors including but not limited to the claimant's daily activities and the effectiveness of the claimant's medication or treatment. SSR 16-3p (S.S.A. Oct. 25, 2017), 2017 WL 5180304, at *4-5.

Here, after reviewing the record and the Parties' arguments on this issue, the Court finds that the ALJ's subjective symptom evaluation is supported by substantial evidence and is not patently wrong. The ALJ followed the required two-step framework, first finding that Staci's medically determinable impairments could reasonably be expected to produce her alleged symptoms, and then concluding that her statements concerning their intensity, persistence, and limiting effects were not entirely consistent with the record. [Dkt. 11-2 at 25.] In doing so, the ALJ discussed multiple relevant factors in accordance with SSR 16-3p, including objective medical evidence, treatment history, medication effectiveness, and Staci's activities of daily living. [*Id.*]

Substantial evidence supports the ALJ's conclusion. The ALJ cited Staci's generally unremarkable physical and mental status examination findings, reports that her conditions were stable, and evidence that her symptoms improved with medication. [Dkt. 11-2 at 24-25.] The ALJ also considered her conservative course of treatment and her reported ability to perform a range of daily activities, including preparing meals, cleaning, shopping, managing finances, and socializing. [Dkt. 11-2 at 23-25.] These are all permissible considerations under the regulations and SSR 16-3p, and the ALJ reasonably relied on them in assessing the consistency of Staci's allegations with the record as a whole.

Staci's argument that the ALJ improperly relied on her limited treatment without exploring her reasons does not warrant remand. While SSR 16-3p instructs ALJs to consider possible explanations for a claimant's treatment history, the ALJ's decision reflects that he evaluated the nature of her treatment in the context of the overall record, including evidence that her conditions were stable, that conservative measures were recommended, and that she reported improvement with medication. [Dkt. 11-2 at 23-24.] Moreover, even assuming the ALJ could have further

developed the record on this point, any such omission does not render the symptom evaluation patently wrong where, as here, the ALJ provided multiple other valid reasons supported by the record. *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010); *Engstrand v. Colvin*, 788 F.3d 655, 660 (7th Cir. 2015).

Ultimately, Staci's arguments largely ask the Court to reweigh the evidence and adopt a different interpretation of the record, which it may not do. *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). In this case, the ALJ built a sufficient logical bridge between the evidence and his conclusion by explaining why he found Staci's allegations not entirely consistent with the record. Accordingly, the Court finds no reversible error in the ALJ's evaluation of Staci's subjective symptoms.

### IV. CONCLUSION

The standard for disability claims under the Social Security Act is stringent. *Plessinger v. Berryhill*, 900 F.3d 909, 911 (7th Cir. 2018). "The Act does not contemplate degrees of disability or allow for an award based on partial disability." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010) (citing *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985)). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Id.* Taken together, the Court can find no legal basis presented by Staci to reverse the ALJ's decision that she was not disabled during the relevant period. Therefore, the ALJ's decision is **AFFIRMED**. Final judgment shall issue accordingly.

**SO ORDERED**.

Date: 3/23/2026

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

14

Distribution

All ECF-registered counsel of record via email